# Frick v. Buckwalter

C.P. of Berks County, No. 99-11390

*Scott E. Yaw*, for plaintiff and Simon Grill, Esquire.
*Edward M. Singer*, for defendant.

SPRECHER, *J.*, Nov. 20, 2014—Plaintiff appeals the order dated August 11, 2014, and entered August 12, 2014, which denied defendant's request that a judgment of *non pros* be entered against plaintiff as moot and ordered plaintiff and his counsel, Simon Grill, Esquire, to pay counsel fees in the sum of $2,500.00 within thirty days from August 11, 2014. This opinion is filed pursuant to Pa. R.A.P. 1925.

### FACTS

On June 16, 2014, this court entered a rule to show cause why this case should not have been terminated for inactivity and ordered the parties to appear for an argument or hearing on a later date. Plaintiff's attorney, Simon Grill, Esquire, did not file an answer to the rule. Instead he filed a "response." He wrote that a court order which was issued by a prior judge assigned to the case *sub judice* prevented the plaintiff from engaging in discovery, that counsel did not know plaintiff's location, and that defendant, who is plaintiff's relative, probably knows plaintiff's location.

Defendant's attorney did file an answer to the rule asking that plaintiff and his counsel be sanctioned because

plaintiff falsely certified that he intended to proceed when Termination Notices had been issued in 2004, 2006, 2008, 2010, and 2012, that plaintiff's claim was not meritorious, and that plaintiff's lack of due diligence, improper acts, and failures to act caused defendant pecuniary loss. Defendant also submitted that two important witnesses had died and memories have faded which have prejudiced his defense. Defendant requested counsel fees of $2,500.00.

This court discovered at the hearing that the docket reflects that this case had been terminated on April 28, 2014, although the termination was not noted in the file. Consequently, this court denied as moot defendant's request that a judgment of *non pros* be entered against plaintiff. It did, however, believe that defendant's request for sanctions had merit and awarded the counsel fees.

This court was out of the country from September 3, 2014 to September 15, 2014. During that time (September 5, 2014), plaintiff filed the instant appeal and an emergency motion for reconsideration of the order of August 11, 2014, asking that the order be vacated in part, only as to the award of counsel fees against plaintiff and his counsel, Simon Grill, Esquire. Immediately upon return, by order dated September 16, 2014, this court vacated the award of counsel fees because the case had been terminated, and it had issued the rule returnable and hearing in error.

This case had been approximately fourteen years old, an unreasonable period of time with no action being taken to move the case forward, so it was appropriately terminated. This court reluctantly agreed with the motion for reconsideration that no orders should have been issued because the case was no longer active.

## ISSUES

The following issues are raised in the Concise Statement of Errors Complained of on appeal.

1. This court erred in *sua sponte* imposing sanctions against the plaintiff and his counsel, Simon T. Grill, Esquire.

2. This court erred in imposing sanctions against plaintiff and his counsel, Simon T. Grill, Esquire, where the defendant never filed a separate and independent motion for sanctions, nor the certification required by Pa. R.C.P. No. 1023.2(b), nor made written notice and demand upon plaintiff and/or his counsel, under and pursuant to Pa. R.C.P. No. 1023.2(b), and where the "request" for sanctions was made after the entry of final judgment.

3. This court erred in imposing sanctions against plaintiff and his counsel, Simon T. Grill, Esquire, where the defendant never filed a motion under § 2503 of the judicial code, where no evidentiary hearing on the request for sanctions was held, and where no finding of dilatory, obdurate, or vexatious conduct was made.

## DISCUSSION

The grant of the emergency motion for reconsideration eliminated the attorney fees and removed all the sanctions against plaintiff and Attorney Grill. Nothing remains from the order dated August 11, 2014. Plaintiff, however, has not withdrawn his appeal; instead, he has filed a concise statement and is proceeding with his appeal. This court is not certain if plaintiff and attorney Grill are pursuing the appeal because the motion for reconsideration was granted on September 16, 2014, beyond thirty days from the order under appeal.

Pa. R.C.P. 126 states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

This court realized that the motion was granted beyond thirty days from the date of the underlying order; however, it was timely filed, and it was not signed timely due to circumstances beyond this court's control. Plaintiff filed his motion two days after the undersigned had left the country. Upon returning from vacation, this court immediately signed the order for reconsideration. This court disregarded the rule because it wanted to secure a speedy and inexpensive determination of this case. *No one*, including defendant, raised an objection to the entry of the September 16, 2014 order. This court believed that the issue was resolved and that the appeal would be withdrawn.

The underlying order was vacated regarding the sanctions. Plaintiff and attorney Grill have already obtained the relief which they wanted. Attorney Grill, however, as he has consistently done throughout this proceeding, further prolonged this case by not withdrawing this appeal. He has wasted the time of this court and the time of the Superior Court in seeking redress for relief that has already been granted. If attorney Grill had immediately notified this court by including in his "response" that the case had been terminated when the original rule had been entered, there would have been no hearing and no relief would have been necessary. Instead he filed a "response" which made no mention of the termination and needlessly protracted the underlying proceeding.

454

Plaintiff and attorney Grill have been returned to the status quo. For these reasons, this court submits that the appeal should be dismissed.